FILED
United States Court of Appeals
Tenth Circuit

May 24, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

MAURICE SABBA SCOTT,

     Petitioner - Appellant,

v.

STATE OF KANSAS; DEREK
SCHMIDT, Attorney General of the State
of Kansas,

     Respondents - Appellees.

No. 16-3037
(D.C. No. 5:15-CV-03270-SAC-DJW)
(D. Kan.)

_____

**ORDER DENYINY A CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HARTZ**, **MURPHY**, and **PHILLIPS**, Circuit Judges.
_____

After a Kansas state-court jury convicted Maurice Sabba Scott of possession of

methamphetamine, marijuana, cocaine, and drug paraphernalia, he was sentenced to 20

months' imprisonment. He appealed his conviction to the Kansas Court of Appeals, *see*

*State v. Scott*, 356 P.3d 436 (Kan. 2015), but did not seek review with the Kansas

Supreme Court. He then filed a pro se application under 28 U.S.C. § 2254 in the United

States District Court for the District of Kansas alleging prosecutorial misconduct, the

denial of a fair trial, a violation of his Fifth Amendment privilege against self-

incrimination, and cumulative error. He indicated in his application that he did not file a

---

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

petition for review in the Kansas Supreme Court because his appellate attorney failed to do so, in violation of Kansas ethical rules.

The magistrate judge ordered Mr. Scott to show cause why his application should not be denied for failure to exhaust state remedies as required by 28 U.S.C. § 2254(b)(1). To satisfy the exhaustion requirement, the applicant "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). This includes seeking discretionary review by the state's highest court. *See id.* at 845–846.

Mr. Scott responded that he had satisfied the exhaustion requirement by presenting his claims to the Kansas Court of Appeals and also argued that his procedural default could be overcome because he had shown a miscarriage of justice. The district court denied his application and dismissed the action for failure to exhaust administrative remedies. Mr. Scott now seeks a certificate of appealability (COA) from this court. *See* 28 U.S.C. § 2253 (c)(1)(A) (requiring COA to appeal denial of § 2254 relief). We deny the application for a COA and dismiss the appeal.

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a

valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

In his brief to this court, Mr. Scott reiterates his substantive claims and asserts that his procedural default should be excused because his appellate counsel was ineffective for failing to seek review with the Kansas Supreme Court. This argument fails on two grounds.

First, Mr. Scott did not raise the ineffectiveness claim in response to the district court's order to show cause. We could refuse to consider the argument on that ground alone. *See Parker v.* Scott, 394 F.3d 1302, 1307 (10th Cir. 2005) (issue not raised in district court in § 2254 proceeding is waived).

Second, although "counsel's ineffectiveness in failing properly to preserve the claim for review in state court will suffice" as cause to excuse procedural default, "principles of comity and federalism that underlie our longstanding exhaustion doctrine . . . . require [an ineffective-counsel claim], like others, to be first raised in state court." *Edwards v. Carpenter*, 529 U.S. 446, 451–52 (2000). But Mr. Scott has failed to raise in Kansas court his claim of ineffective appellate counsel. Nor has he argued that there was cause for his failure or that he could still raise the issue in state court. Therefore, the

ineffectiveness claim is procedurally barred.  *See Gray v. Netherland*, 518 U.S. 152, 162 (1996).

We conclude that the district court's ruling would not be debatable by reasonable jurists.  We DENY the application for a COA and DISMISS the appeal.

Entered for the Court


Harris L Hartz
Circuit Judge